UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHARLES BRADY, JR., Individually and on Behalf of the Class, | * * * | CIVIL ACTION NO. |
| | * | JUDGE: |
| VERSUS | * * | |
| CVS PHARMACY, INC. and WEST CORPORATION | * * | MAGISTRATE: |

**CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY PENALTIES, AND INJUNCTIVE RELIEF**

The Complaint of Plaintiff, CHARLES BRADY, JR., domiciled in the parish of East Baton Rouge in the State of Louisiana, on behalf of all others similarly situated, respectfully represents the following:

**NATURE OF THE CASE**

1.

This suit asserts allegations that Defendants CVS PHARMACY, INC. ("CVS") and WEST CORPORATION ("West") violated the Telephone Consumer Protection Act (47 U.S.C. § 227) (TCPA) with their marketing and advertising campaigns by placing phone calls and text message advertisements to cellular telephones (or to a telephone number assigned to a service for which the called party is charged for the call) using an automatic telephone dialing system and equipment

which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. In particular, Defendant CVS advertised its products by placing thousands of phone calls and text messages since October 16, 2013 using automatic telephone dialing equipment to cellular phone subscribers without their prior express written consent. Upon information and belief, these calls and text messages were transmitted for CVS by West. The placing of phone calls to cellular phone lines with automatic telephone dialing equipment without the recipients' consent violates 47 U.S.C. § 227(b)(1)(A).

2.

This suit is brought on behalf of all recipients of telephone calls or text messages sent or placed by or on behalf of CVS Pharmacy, Inc. and West Corporation to the recipients' cellular telephones using an automatic telephone dialing system since October 16, 2013.

3.

Plaintiff, on behalf of himself and a class of similarly situated persons or legal entities, brings this suit under the TCPA for injunctive relief and an award of compensatory and statutory damages, together with costs, reasonable attorneys' fees, and pre-judgment interest.

## JURISDICTION AND VENUE

4.

This Honorable Court is vested with jurisdiction over this action under the Telephone Consumer Protection Act of 1991 (47 U.S.C. § 227) ("TCPA" or "Act"). The TCPA expressly creates a private right of action for damages and injunctive relief by a person who suffers a violation of the statute, and jurisdiction to federal district courts to consider and decide such cases or controversies. 47 U.S.C. § 227(b)(3).

5.

In addition, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

**DESCRIPTION OF THE PARTIES**

6.

Plaintiff party is:

CHARLES BRADY, JR., a major individual domiciled in the Parish of East Baton Rouge and State of Louisiana. Plaintiff received multiple telephone calls from CVS on his cellular telephone since October 16, 2013 without giving his prior express consent. The most recent call was received on July 22, 2015 at 5:15 PM CST, and he received additional calls from CVS multiple times a week within the last few months, and many times over the past two years.

7.

Defendant parties are:

CVS PHARMACY, INC. ("CVS"), a foreign corporation headquartered in Rhode Island with its principal place of business located at One CVS Drive, Woonsocket, Rhode Island 02895. CVS transacts business in the State of Louisiana and is a division of CVS Caremark Corporation; and

WEST CORPORATION ("West"), a foreign corporation headquartered in Nebraska with its principal place of business located at 11808 Miracle Hills Drive, Omaha, Nebraska 68154. West is responsible for actually transmitting the calls placed on behalf of CVS.

All of the subject phone calls and text messages were placed by or at the direction of CVS.

## FACTUAL ALLEGATIONS

**General Overview of the TCPA**

8.

In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

9.

The TCPA regulates, among other things, the use of automated telephone dialing systems, or "autodialers." The plain language of sections 227(a)(1) defines an autodialer as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. Further, the plain language of sections 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless phone number in the absence of an emergency or the prior express consent of the called party.

10.

According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, these calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

11.

Equipment that has the capacity to "store or produce telephone numbers to be called, using a random or sequential number generator," is sufficient to satisfy the statutory definition of an automatic telephone dialing system ("ATDS"), even if that capacity is not used. To require actual use of the equipment's capacity to store or produce numbers using a random or sequential generator would render the phrase "which has the capacity"' mere surplusage. Congress included a definition that provides that the equipment need only have *the capacity* to store or produce numbers. Therefore, the plain text of the statute requires only the "capacity" for such random or sequential generation. Accordingly, a system need not actually store, produce or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it to meet the definitions of ATDS.

12.

Thus, telephone calls or text messages made to wireless phone numbers placed using equipment with the capacity to meet the definition of an ATDS are expressly prohibited in the absence of the prior express consent of the subscriber.

13.

Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on CVS and West to demonstrate that Plaintiff provided express consent within the meaning of the statute.

**Placing and Receipt of the Calls/Texts**

14.

At all relevant times Plaintiff was an individual residing in the State of Louisiana. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(32).

15.

Defendants repeatedly contacted Plaintiff on his cellular telephone. Most recently, on July 22, 2015 at 5:15 PM, Plaintiff received a telephone call from Defendants. Since October 16, 2013, Plaintiff has received numerous calls from Defendants.

16.

All telephone calls made by Defendant to Plaintiff on his cellular telephone occurred with the use of an ATDS, as defined by 47 U.S.C. § 227(a)(1), and all calls/texts included in this suit occurred since October 16, 2013.

17.

The telephone number that Defendants used to contact Plaintiff, made by an ATDS, was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

18.

The subject telephone calls were not made for an emergency purpose as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19.

Plaintiff did not provide Defendants his "prior express written consent" to place telephone calls to his cellular phone using an ATDS, within the meaning of 47 U.S.C. § 227(b)(1)(A).

20.

Identical telephone calls and text messages made by an ATDS were similarly placed on repeated occasions to other cellular phone numbers belonging to the other members of the class since October 16, 2013. None of those subscribers gave Defendants their prior express written consent to receive the calls and text messages and they were not made for emergency purposes. Upon information and belief, Defendants placed these phone calls and text messages multiple times a week to the members of the Class.

21.

Upon information and belief, Defendants placed numerous calls and text messages to Plaintiff and the class members weekly. As a result, thousands of telephone calls and text messages were placed by Defendants on a weekly basis to the class members, resulting in thousands of calls and text messages made by Defendants to the Plaintiff and the class members since October 16, 2013. These telephone calls were placed for the commercial purpose of selling Defendants' products, including but limited to prescription medication.

22.

The phone calls and text messages sent to the thousands of cellular telephone numbers subscribed to by the class members since October 16, 2013 caused each class member to sustain actual damages including costs associated with loss of use of their cellular phones, interruption of other usage of the cellular phones, nuisance, annoyance, invasion of privacy, additional costs incurred when the number of calls in a given month exceeds his cell phone data plan and/or the costs of minutes associated with his cell phone plan.

## CLASS ALLEGATIONS

23.

Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b) on behalf of himself and the following class ("The Class"):  All persons in the United States to whom CVS and West placed calls or text messages to their wireless phones using an artificial or prerecorded voice or equipment capable of dialing numbers without human intervention between October 16, 2013 and the present, and excluding those persons who provided prior express written consent to receive such calls. Excluded from the Class are all judges and Court personnel employed by the United States District Court for the Middle District of Louisiana and all officers, directors and employees of Defendant.

24.

The Class consists of thousands of individuals and legal entities who are geographically dispensed making joinder impractical, in satisfaction of Federal Rule of Civil Procedure 23(a)(1). The exact size of the respective classes and identities of the individual members thereof are ascertainable through Defendants' records, or the records of their representatives, including but not limited to the transmission logs.

25.

The claims of Plaintiff are typical of the claims of the class members.  The claims of the Plaintiff and the respective class members are based on the same legal theories and arise from the same unlawful and willful conduct, resulting in the same injury to the Plaintiff and the class members.

26.

The class members have a well-defined community of interest. The Defendants acted and failed to act on grounds generally applicable to the Plaintiff and the respective class members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the respective class members.

27.

There are numerous questions of law and fact common to the claims of Plaintiff and the class, and those questions predominate over any questions that may affect only individual class members within the meaning of Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).

28.

Absent a class action, most of the respective class members would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

29.

Common questions of fact and law affecting members of the Class include, but are not limited to, the following:

(a)  Whether Defendants' conduct violates 47 U.S.C. §227(b)(1)(A);

(b)  Whether Defendants' phone calls and text messages were made for an emergency purpose;

(c)  Whether Defendants obtained the phone call recipients' prior express written consent;

(d)  Whether Plaintiff and members of the Class are entitled to damages, costs and/or

attorney's fees from Defendants;

(e) Whether Plaintiff and members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct; and

(f) Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining defendant from continuing to engage in its unlawful conduct.

30.

Plaintiff will fairly and adequately represent and protect the interests of the respective class members. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the respective class members, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the respective class members.

31.

This action is brought and may properly be maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(b). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these statutory provisions and the jurisprudence of the courts.

## COUNT I - LIABILITY PURSUANT TO THE TCPA

32.

Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

33.

Defendants placed, or caused to be placed, calls and text messages to Plaintiff and the Class with an automatic telephone dialing system, within the meaning of 47 U.S.C. §227(a). The equipment used by Defendants had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, defendants, or their agent, were capable of making thousands of calls and text messages to the subscribers of cellular phone numbers automatically without human intervention.

34.

These calls and text messages were made *en masse* without the prior express written consent of Plaintiff and the other members of the Class.

35.

Thus, Defendants violated the TCPA, 47 U.S.C. c 227(b)(1)(A)(iii), which makes it "unlawful for any person within the United States...to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice...to any telephone number assigned to a...cellular telephone."

36.

Plaintiff received, on July 22, 2015 at 5:15 PM CST, a call transmitted and/or placed by or on behalf of CVS on his cellular telephone.

37.

Between October 16, 2013 and the present, Plaintiff has received many calls transmitted and/or placed by or on behalf of CVS on his cellular telephone.

38.

All of these calls were sent without Plaintiff's prior express written consent and in violation of 47 U.S.C. § 227 *et seq*.

39.

All of the calls were received by Plaintiff on his cellular telephone. The costs for services for the cellular telephone number on which the Plaintiff received the calls are paid by Plaintiff. Thus, Plaintiff incurs all of the costs associated with the receipt of the calls on that cellular telephone, including cost of service, cost of the cellular telephone, inconvenience, interruption of other usage of the cellular telephone, and the invasion of privacy.

40.

Plaintiff is entitled to recovery of statutory damages as provided for by 47 U.S.C.A. § 227 *et seq*., specifically including 47 U.S.C. 227(b)(3)(A).

41.

Pursuant to 47 U.S.C. § 227(b)(3), a person or entity may bring a private action to recover for actual monetary loss from a violation of the TCPA, or to receive $500 in damages for each such violation, whichever is greater.

42.

Accordingly, as a proximate result of the Defendants' conduct, the plaintiff Class has incurred actual damages associated with the cost of the receipt of the phone calls and text messages, usage of cellular phone minutes and plan allowances, inconvenience, and the invasion of the recipient's privacy.

43.

Further, in the alternative, the plaintiff Class is entitled to recover statutory damages under the Act, as set forth above, based on the placing of the phone calls by Defendants.

44.

In addition, if the court finds that the Defendants willfully or knowingly violated the TCPA, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than three (3) times the amount available under 47 U.S.C. § 227(b)(3).

45.

Additionally, the Class seeks injunctive relief requiring that Defendants be enjoined from placing or transmitting additional phone calls and text messages in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(A).

## **DEMAND FOR PRESERVATION**

46.

Plaintiff also specifically demands that Defendants retain and preserve all records related to the allegations in this Complaint. Specifically, Plaintiff's demand for preservation includes, but is not limited to, the following documents and information:

(1) Recordings of all telephone calls placed since October 16, 2013, with corresponding dates when those calls were placed;

(2) Any and all training materials used for persons responsible for transmitting telemarketing calls or text messages since October 16, 2013, with corresponding dates when those training materials were used;

(3) List of all phone numbers to which telephone advertisements or text messages were sent since October 16, 2013;

(4) List of all persons or phone numbers who requested to opt-out of receiving telephone calls or text messages since October 16, 2013;

(5) Any and all documents, including but not limited to invoices, transmission logs, or summary logs, provided to you by any company or person you retained to transmit telephone calls or text messages on your behalf;

(6) Any proof Defendants contend shows that they obtained the prior express written consent of any recipient of the telephone calls or text messages;

(7) Any and all transmission or phone logs showing dates of transmission, receipt or identity of recipient of telephone calls or text messages sent by Defendants or on their behalf since October 16, 2013;

(8) Copies of any and all policies or procedures implemented by Defendants with regard to the transmission of telemarketing phone calls or text messages, as well as marketing activities and restrictions;

(9) Documents related to Defendants' cost for transmitting the telemarketing telephone calls or text messages placed by Defendants or on its behalf since October 16, 2013; and

(10) Demand is made on Defendants to notify any third parties or vendors retained by it to place telephone calls or text messages of this preservation demand and request production of any documents requested through this demand.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, on behalf of himself and as representative of all other persons similarly situated, prays for judgment against the defendants, as follows:

(1) An Order certifying the Class under the appropriate provisions of F.R.C.P. 23 and appointing the plaintiff and his counsel to represent the class;

(2) For compensatory damages as alleged herein;

(3) For statutory penalties as provided for under 47 U.S.C. § 227(b)(3);

(4) For an injunction restraining Defendants from placing any more telephone calls or text messages to cellular telephone without prior express consent using equipment meeting the definition of an Automatic Telephone Dialing System;

(5) For pre-judgment interest from the date of filing this suit;

(6) For reasonable attorney's fees;

(7)   For all costs of this proceeding; and

(8)   For all general, special, and equitable relief to which the plaintiffs and the members of the class are entitled by law.

## JURY DEMAND

Plaintiff demands trial by jury on all counts for which a jury trial is permitted.

RESPECTFULLY SUBMITTED,


BY:   /s/ Scott E. Brady
   PHILIP BOHRER, Bar #14089
   SCOTT E. BRADY, Bar #24976
   BOHRER BRADY, L.L.C.
   8712 Jefferson Highway, Suite B
   Baton Rouge, Louisiana 70809
   Telephone: (225) 925-5297
   phil@bohrerbrady.com
   scott@bohrerbrady.com

   -and-

JOHN P. WOLFF, III, Bar #14504
CHRISTOPHER K. JONES, Bar #28101
KEOGH, COX & WILSON, LTD.
701 Main Street
Baton Rouge, Louisiana   70802
Telephone:   (225) 383-3796
Facsimile: (225) 343-9612
jwolff@keoghcox.com
cjones@keoghcox.com